# Martin *v.* The State.

*Assault and Battery.*

(Decided June 18, 1908. 47 South. 104.)

1. *Statutes; Construction; Ejusdem Generis; Weapon.*—Where a specific term is followed by a more general one in a statute, the principle of ejusdem generis is applied to its construction, as a general rule; but this principle has no application to the statutes relating to the jurisdiction of the offense of assault in which no stick or other weapon is used, since, technically, a stick is not a weapon, although the statute manifestly intended it as such, and, therefore, the term "or other weapon,," will not be restricted either to a weapon in a technical sense or to what might be commonly termed such, but will be held to include any substance or matter foreign to the person using it in committing a battery.

2. *Criminal Law; Jurisdiction; Justice of the Peace; Assault and Battery.*—The statute providing that justices of the peace have jurisdiction of assaults and batteries and affrays in which no stick or other weapon is used deprives the justice of the peace of jurisdiction where any foreign matter or substance is used in committing the assault and battery capable of inflicting physical injury and pain; hence, a justice of the peace is without jurisdiction to hear and finally determine a prosecution for an assault and battery committed by throwing scalding water.

3. *Jurisdiction; Void Judgment; Appeal.*—A justice of the peace being without jurisdiction to hear and finally determine a prosecution for an assault and battery where a stick or other weapon is used, his judgment thereon is a nullity and can give no appellate jurisdiction to the city court on an appeal thereto; and no indictment having been preferred, the city court was without jurisdiction to hear and determine the appeal, and its judgment thereon was a nullity.

4. *Appeal: Judgment to Support.*—Where a judgment of conviction is void for want of jurisdiction, such judgment will not support an appeal to this court.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Fannie Martin was convicted before a justice of the peace for an assault and battery by throwing scalding water upon a person. From a conviction in the justice of the peace court she appealed to the city court where she was again convicted. From this judgment she appeals. Appeal dismissed.

MARK D. BRAINARD, for appellant. The conviction before the justice of the peace was a nullity for want of jurisdiction.—*Danzey v. The State*, 68 Ala. 296; Section 4630, Code 1896.

ALEXANDER M. GARBER, Attorney-General, for the State.

DOWDELL, J.—The prosecution in this case was commenced on affidavit and warrant before a justice of the peace. The affidavit charged the defendant with the offense of an assault and battery by "throwing scalding water" on the person assaulted. The justice of the peace assumed final jurisdiction and proceeded to final judgment, adjudging the defendant guilty and imposing a fine of $10. From this the defendant appealed to the city court of Montgomery. In the city court no indictment was returned against the defendant, and the defendant filed a plea to the jurisdiction of the city court, upon the ground that the justice of the peace had not final jurisdiction to try the defendant, and that the city court was without jurisdiction in such case to try the defendant without indictment by the grand jury. A demurrer was sustained to this plea, as shown by the judgment entry; but grounds of demurrer are nowhere shown in the record. The bill of exceptions shows that before the filing of the plea a motion was made to quash the proceedings in the city court upon the same

[Martin v. The State.]

grounds stated in the plea, and that this motion was overruled, to which action of the court the defendant excepted. The record shows that the defendant was tried in the city court on the affidavit and warrant, and a judgment of conviction rendered.

From the foregoing statement it will be seen that the question is one jurisdiction vel non. In criminal cases jurisdiction, both appellate and original, is by the statute conferred on the city court of Montgomery. In the former, it is predicated and dependent upon jurisdic- tion in the court from which the appeal is prosecuted; in the latter, it is dependent upon the finding and re- turn of an indictment by the grand jury. In the case at bar there was no indictment, and hence no pretense for the exercise of original jurisdiction by the city court. Did the justice of the peace have final jurisdiction to try and determine the case to judgment and conviction and sentence? The final jurisdiction of the justice of the peace in such case is purely statutory. The statute reads as follows: "Justices of the peace have, in their respective counties, concurrently with the county courts, jurisdiction of the following offenses: * * * As- saults, assaults and batteries, and affrays, in which no stick or other weapon is used,," etc. The affidavit charg- ed that the assault and battery was committed by "throwing scalding water" on the person assaulted, and the evidence on the trial was to the same effect. The question is: What do the words "other weapon" mean, or what do these words embrace, as employed in the statute?

As a rule, in the construction of statutes, where a specific term is followed by a more general one, the prin- ciple of ejusdem generis is applied. But we are of the opinion that this rule is not to be applied in the case before us. In the first place, technically, a "stick" is

not a weapon; but the statute manifestly intends it as such. So we think it was not the purpose of the lawmakers that the terms "or other weapon," as employed in the statute, where intended to be restricted to a "weapon," either in a technical sense, or to what might be commonly termed such; but, to the contrary, the terms as employed were intended to include any substance or matter foreign to the person, used in committing a battery. There can be no doubt that throwing scalding water on a person would ordinarily in all probability be more serious in its results than striking one with a block of ice weighing a pound, and it is hardly to be supposed that it would be contended that a battery committed by striking with the block of ice would not fall within the terms of the statute, "or other weapon." In either case the substance used is the same, though differing in form, yet each capable of producing injury when offensively used. We apprehend that whether the substance used in committing a battery be in a congealed or fluid state can make no difference in principle. The use of a fluid, as, for instance, an acid, in an assault and battery, has not infrequently been accompanied with the most serious results. Our conclusion is that any foreign matter or substance used in committing an assault and battery, capable of producing physical injury and pain, though not severe or serious, falls within the terms "or other weapon" as employed in the statute.

It follows, from this, that the justice of the peace was without final jurisdiction to try and determine the case, and therefore his judgment of conviction was a nullity. The justice of the peace being without final jurisdiction, no appellate jurisdiction could be given the city court by the appeal. There being no appellate jurisdiction acquired by the appeal, and no indictment by a grand

jury, the city court was without jurisdiction to try the case, and its judgment was therefore a nullity. It follows, from this, that there is no judgment which will support the present appeal to this court, and the appeal must be dismissed.

Appeal dismissed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.