# CHARLESTON

TOWN OF ROWLESBURG *v.* ZELANO.

Submitted March 11, 1914. Decided April 14, 1914.

MUNICIPAL CORPORATIONS.

The judgment of a circuit court, on an appeal from the judgment of the mayor of a municipal corporation, acting ex-officio as justice, pursuant to section 39, chapter 47, serial section 2425, Code 1913, by a defendant accused of a violation of a municipal ordinance, and showing on its face, that it was pronounced, after the defendant was thrice called at the bar, and not appearing to prosecute his appeal, and without proof, and adjudging that the municipality recover of defendant and the surety on his appeal bond the fine assessed by such mayor against him and costs, is void. Applying the rules enunciated in *Elkins* v. *Michael,* 65 W. Va. 503, *Pickenpaugh* v. *Keenan,* 63 W. Va. 304, and cases cited.

Error to Circuit Court, Preston County.

Carlo Zelano was convicted of violating an ordinance of the Town of Rowlesburg, and brings error.

*Reversed, and New Trial Awarded.*

*F. E. Parrack* and *W. B. Bowman,* for plaintiff in error.

*Carleton C. Pierce* and *J. Ben Brady,* for defendant in error.

MILLER, PRESIDENT:

This action was begun by plaintiff before its mayor, charging defendant, on report or complaint of its councilmen and recorder, after examining defendant's cellar and ware rooms, with "selling Malt liquor, which is prohibited by the town ordinance." The warrant of the mayor, if one was issued, is not in the record. We find only a transcript from the mayor's

docket. This transcript says: "After examining defendant Carlo Zelano, and finding him guilty upon his own evidence: I *find* said Carlo Zelano three hundred dollars and costs." From this judgment, if it may be properly so called, the defendant appealed to the circuit court, and entered into a bond with his wife as surety, in the form prescribed by section 49a, chapter 47, serial section 2444, Code 1913, in the penalty of six hundred dollars, conditioned, "that whereas Carlo Zelano has obtained before E. V. Anderson, Mayor, Ex-officio for the District ———— in Preston County, a judgment against Carlo Zelano for the sum of three hundred dollars exclusive of interest and costs; and whereas, the said Carlo Zelano desires to appeal from said judgment. Now, therefore, if the said Carlo Zelano shall perform and satisfy any judgment that may be rendered against Carlo Zelano by the Circuit Court of Preston County, on such appeal, then this bond to be void, otherwise to remain in full force and virtue."

The only order in the circuit court, except the final judgment appealed from, was at the March term, 1912, continuing the case on motion of defendant. So far as the record shows there was no plea by defendant either before the mayor's court, or in the circuit court on appeal. The final order or judgment to which this writ of error relates, pronounced June 14, 1912, is as follows: "This day came the Town of Rowlesburg, by its attorney Carleton C. Pierce, and the defendant Carlo Zelano being thrice called at the bar of the Court and not appearing to prosecute his appeal, it is therefore considered by the Court that the Town of Rowlesburg recover of and from Carlo Zelano and Filomena Zelano his surety on the appeal bond the sum of three hundred dollars, being the amount of fine assessed against him by the Mayor of the Town of Rowlesburg, together with the costs of the plaintiff, the Town of Rowlesburg in this behalf expended."

A point suggested, if not relied on in argument, is that a municipal ordinance prohibiting the sale of Malt liquor is void, because not prohibited by any state law. If Malt liquor be intoxicating liquor, it is prohibited, unless the seller has a state license therefor. By the rule of criminal pleadings, except where the indictment charges an unlawful sale of

spirituous liquors in the language of the statute, admitting of proof of a sale of any intoxicating liquors, the indictment would have to allege that the particular liquor sold was intoxicating. Whether that ordinance was aimed at the sale of intoxicating liquors, as is probable, we do not know. Nothing in the record informs us. The record contains no charge of a sale of intoxicating liquor. Some malt liquors are intoxicating, others are not. See *State* v. *Henry et al.*, 81 S. E. 569, decided at the present term.

The record is a very crude and informal one. The so called judgment of the mayor's court is not a judgment at all. It is in favor of no one and against no one. The mayor says he "*finds*" Zelano three hundred dollars and costs. The appeal bond is defective; it recites a judgment of Zelano against Zelano. Whether a judgment can be rendered upon this bond it is unnecessary to say. The circuit court, upon appeal, as the record shows, undertook to render judgment upon the bond against principal and surety, upon default, first calling defendant, and in effect to affirm the supposed judgment of the mayor or justice, or at least treating the so called judgment as evidence of guilt. As several times decided an appeal from the judgment of a justice wholly vacates and sets aside the judgment. After the appeal the case stands for trial de novo, as if no judgment had ever been rendered. *Elkins* v. *Michael*, 65 W. Va. 503, and cases cited. And *Pickenpaugh* v. *Keenan*, 63 W. Va. 304, says that it is reversible error to enter up judgment in favor of plaintiff without proof, as the burden is on plaintiff to prove the case. The rule ought to be more strict in a criminal or quasi criminal case like the one at bar.

As the docket or record of the judgment before us clearly shows disregard of these rules and decisions, the judgment below must be reversed and defendant awarded a new trial.

*Reversed, and New Trial Awarded.*