(79 South. 329)

No. 21617.

DARBY v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. INSURANCE ⟨⟩364—LIFE INSURANCE—LIABILITY OF INSURER—CANCELLATION.

Where life insurer, before canceling policy for nonpayment of premium, gave insured due notice of date when premium would fall due, of due date of note, of intention to cancel unless it was paid, and of willingness to reinstate policy if premium and note were paid, or premium and interest on note, insurer having died after cancellation, full amount of policy is not due.

2. INSURANCE ⟨⟩369—LIFE INSURANCE—FORFEITURE—STATUTE.

By Act No. 193 of 1906, life insurance policies are nonforfeitable after they have been in force three years, having then a cash or surrender value.

3. INSURANCE ⟨⟩369—LIFE INSURANCE—CALCULATION OF SURRENDER VALUE.

In absence of expert showing to contrary, court will assume that calculation of surrender value after three years, as made and agreed to in life policy, is correct.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Suit by Mrs. Eveline M. Darby, widow of Henri Gerac, against the Equitable Life Assurance Society of the United States. From judgment for defendant, plaintiff appeals. Affirmed.

Cammack & Broussard, of New Iberia, for appellant. Farrar, Jonas, Goldsborough & Goldberg, of New Orleans, and Burke & Smith, of New Iberia, for appellee.

PROVOSTY, J. Plaintiff sues as beneficiary under a policy on the life of her deceased husband. She demands the full amount of the policy, $10,000, and, in the alternative, the withdrawal value. The yearly premiums were of $353.90, payable in advance. The first and second were paid. The third was to fall due on April 25, 1912. On the 13th of that month the defendant company made a loan of $430 to the assured, taking his note for that amount falling due April 25, 1913, secured by pledge of the policy, and bearing 5 per cent. interest payable in advance. The amount of the third yearly premium, together with the interest of one year on the note, were deducted from this loan, and the balance was paid to the assured. When the fourth yearly premium fell due, in April, 1913, the assured obtained an extension of time until July 25, 1913, in consideration of a cash payment of $60.20. The loan of $430 was made on the condition that if it was not reimbursed promptly at the maturity of the note the defendant company should have the right to cancel the policy without further notice. On November 19, 1913, the fourth yearly premium not having been paid, nor the note, the defendant company canceled the policy. The assured died in October, 1914.

[1] For claiming the full amount of the

policy the plaintiff contends that notice was not given to the assured of the intention to cancel the policy. As a matter of fact, the defendant company was reluctant to cancel the policy, and therefore gave sedulously every notice that a desire to have the policy continued in force could have prompted the giving of, namely, of the date when the yearly premium would fall due, of the date when the note would fall due, of the intention to cancel the policy unless the note was paid, of the willingness of the company to reinstate the policy if the premium and the note were paid, or the premium and the interest on the note. Clearly, under these circumstances, the full amount of the policy is not due.

[2, 3] Under the terms of Act 193, p. 346, of 1906, life insurance policies are nonforfeitable after they have been in force three full years. They have then a cash or surrender value. Plaintiff would have this surrender value be in the present case the sum of the payments made by the assured less one-fifth thereof, and less the amount of the loan and interest. And plaintiff would include among these payments the third yearly premium which was paid out of the loan, which loan was never reimbursed, so that the payment was in reality made with the company's money. Plaintiff finds the surrender value to be $413.40. The only moneys of assured received by the company were the two first premiums, $707.80, and the $60.20, paid for the extension of time, a total of $768. Deducting from this the $413.40, the surrender value as found by plaintiff, we have $352.60, so that according to plaintiff's computation, the company would have carried this $10,000 risk for three years and three months for $352.60. Needless to say this conclusion is totally inacceptable. The policy recites that its surrender value after three years is to be $430, and that from that amount is to be deducted any loan that may have been made to the assured. In the ab-

sence of any expert showing to the contrary, we will assume that the calculation of the surrender value as thus made and agreed to in the policy is correct. The loan was of the exact amount of the surrender value. There is therefore nothing coming to plaintiff.

Judgment affirmed.