(102 So. 732)

## HALL v. CITY OF BIRMINGHAM.
### (6 Div. 571.)

(Court of Appeals of Alabama. Jan. 13, 1925.)

**1. Municipal corporations ⟨key⟩643—Court held authorized to impose additional punishment on appeal from conviction in recorder's court, where verdict imposed fine only.**

On appeal from conviction for disorderly conduct in recorder's court for Birmingham, where jury returned verdict of guilty fixing a fine as punishment, court was authorized to impose additional punishment by hard labor under Acts 1915, p. 294 et seq., applying to cities of more than 100,000 inhabitants.

**2. Statutes ⟨key⟩93(8)—Act not rendered local, though its application is limited to one city.**

Acts 1915, p. 294 et seq., providing that on appeals from recorders' courts of cities of more than 100,000 inhabitants judge shall be authorized to impose additional punishment by way of imprisonment or hard labor, etc., is not a local act, though its present application may be to one city.

**3. Criminal law ⟨key⟩248—Act as to appeals from recorders' courts in certain cities not repealed.**

Acts 1915, p. 294 et seq., providing that on appeals from recorders' courts of cities of more than 100,000 inhabitants judge may impose additional punishment by way of imprisonment or hard labor, is not repealed by Acts 1923, p. 737, amending and re-enacting Code 1907, § 1217; no purpose to repeal being clearly manifest.

**4. Statutes ⟨key⟩118(5)—Act held not violative of Constitution where title broad enough to cover enactment and provisions being cognate to subject expressed in title.**

Acts 1915, p. 294 et seq., held not violative of Const. 1901, § 45; its title being broad enough to cover enactment and provisions of section 29, relating to appeals from recorders' courts of cities of more than 100,000 inhabitants, being cognate to subject as expressed in title.

Appeal from Circuit Court, Jefferson County; Leon McCord, Judge.

Prosecution by the City of Birmingham against Tom Hall for violation of a city ordinance. From a judgment of conviction, defendant appeals. Affirmed.

Beddow & Oberdorfer, of Birmingham, for appellant.

Where a case is tried by jury, the court is not authorized to impose an additional sentence of hard labor. Code 1923, § 1217; Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725. Acts 1915, p. 304, § 29, was repealed by Acts 1923, p. 737, amending section 1217 of the Code of 1907. 36 Cyc. 1090. Section 29 of the act of 1915 is unconstitutional. Const. 1901, § 45; State ex rel. Griswold v. Lea, 211 Ala. 68, 99 So. 170; Lindsay v. U. S. S. & L. Co., 120 Ala. 172, 24 So. 171, 42 L. R. A. 783; Ex parte Pollard, 40 Ala. 99; Bell v. State, 115 Ala. 87, 22 So. 453; Dowling v. Troy, 173 Ala. 468, 56 So. 118.

Matthews & Morrow, of Birmingham, for appellee.

The act of 1923 did not by implication repeal the act of 1915. 25 R. C. L. § 177, "Statutes." The act of 1915 is not in violation of section 45 of the Constitution. Board of Rev. v. Hewitt, 206 Ala. 405, 90 So. 784; Board of Rev. v. Huey, 195 Ala. 83, 70 So. 748.

SAMFORD, J. The defendant was convicted in the recorder's court of the city of Birmingham on a charge of disorderly conduct, was fined $100, and an additional term of 180 days at hard labor was fixed by the court. From this judgment an appeal was taken to the circuit court, where the question of guilt was submitted to a jury under instructions from the court, who also submitted to the jury the punishment to be imposed whether fine and hard labor, one or both. The jury returned a verdict of guilty and fixing a fine only. Whereupon the court fixed an additional punishment of 180 days at hard labor. This presents the first question for review.

[1-3] Section 1217 of the Code of 1907, among other things, provides:

"The case appealed shall be tried de novo in such [circuit] court, and the judge or jury trying such cause is authorized to impose upon the person convicted such punishment by fine or by imprisonment in the city jail * * * or hard labor for the city, or by fine and imprisonment, as the court or jury may deem proper and is authorized by law or ordinance for such offenses."

The act of the Legislature, approved September 29, 1923, Acts 1923, p. 737, amending section 1217 of the Code of 1907, does not amend the section of the Code as it applies to this case. In passing upon the authority of the trial judge in appeal cases governed by the section of the Code, supra, this court held to the view that where the trial was before a jury, the verdict of the jury should govern both as to fine and imprisonment. The meaning of the statute was in that case defined. Hannibal v. City of Mobile, 16 Ala. App. 625, 80 So. 629. With the construction as placed upon the statute by this court, the Legislature by a later enactment, Acts 1923, p. 737, re-enacted that part of the statute. So that the rule as laid down in Hannibal's Case, supra, must govern in all appeals from recorders' courts, not otherwise provided for.

The foregoing rule does not obtain as to the cities of more than 100,000 inhabitants. By the terms of section 29 of an act of the Legislature, Acts 1915, p. 294 et seq., on all

appeals from recorders' courts of such cities when the same are tried by a jury, and where the jury shall impose a fine only upon the person convicted, the judge presiding shall be authorized in his discretion to impose additional punishment by way of imprisonment or hard labor, etc. This is not a local act, although its present application may be to one city. Its purpose is to place all cities now or hereafter similarly situated in a class by themselves and controlled as defined by the act. Subsequent acts applicable to other cities would not by implication repeal any of the terms of the act of 1915, supra, unless the two enactments were in direct conflict, or the purpose to repeal is clearly manifest. 25 R. C. L. p. 927, § 177; Board of Revenue v. Hewitt, 206 Ala. 405, 90 So. 781. There is ample scope for the operation of both statutes, and therefore no conflict in the enactments. Iverson v. State, 52 Ala. 170. While the enactment of section 29 in the Act of August, 1915, did have the effect of changing the law as provided in section 1217 of the Code of 1907, such change was incidental to the whole act which divided the state into classes of cities, one class being cities of 100,000 and over and the other class being cities under that number. The clear intention of the Legislature in the 1915 enactment was to make that change, but no such intent appears in the Amended Act of 1923 as would warrant the court in saying that the Legislature by the latter enactment intended to disturb the law fixing the status of cities of the larger class.

[4] We are also clear to the opinion that the act of the Legislature, Acts 1915, p. 294 et seq., is not in violation of section 45 of the Constitution. The title of the act is broad enough to cover the enactment, and the provisions of section 29 of the act are cognate to the subject as expressed in the title.

This disposes of all questions argued in brief, and the other assignments are waived.

There being no error in the record, the judgment is affirmed.

Affirmed.