(117 So. 406)

## THOMPSON v. CITY OF BIRMINGHAM.
### (6 Div. 109.)

Supreme Court of Alabama.    May 10, 1928.

1. **Criminal law ⧉1131(4)—Appeal for purpose of reviewing rulings and judgment may be dismissed, no statute forbidding, if appellant does not seasonably appear and prosecute it.**

On appeal for purpose merely of reviewing rulings and judgment of trial court, party appealing becomes and remains actor, in prosecution of appeal, and, no statute forbidding, appellate court has inherent power to dismiss appeal, if appellant does not seasonably appear and prosecute it conformably to prescribed procedure.

2. **Criminal law ⧉1131(4)—On appeal under statute for "trial de novo," appeal will not ordinarily be dismissed for nonappearance of appellant.**

When an appeal is allowed by statute from judgment of an inferior court to a superior court and case is to be tried de novo, which means a new trial as if no trial had ever been had, and just as if it had originated in circuit court, appellate court will not ordinarily dismiss appeal for nonappearance of appellant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trial de Novo.]

3. **Criminal law ⧉260(8)—Circuit court cannot dismiss appeal from conviction in recorder's court on failure of appealing defendant to appear for trial (Code 1923, §§ 1937, 1938, 2307, 3858, 3859).**

Under Code 1923, §§ 1937, 1938, 2307, 3858, 3859 (Code 1907, §§ 1217, 1218, 1451, 6743, 6744), on appeal to the circuit court by accused convicted in recorder's court in city of Birmingham for violation of ordinance, the case is triable de novo, and, if defendant fails to appear, he is liable to same penalties, forfeitures, and proceedings as is defendant of forfeited bail bond, under sections 3823–3828 (Code 1907, §§ 6711–6716), and circuit court was without power to dismiss appeal for nonappearance of defendant in circuit court; section 8790, providing for writ of procedendo, being without application to criminal cases.

4. **Statutes ⧉167(2)—Act relating to appeals from recorder's courts in certain cities being special and local, is not repealed by general provisions of Code (Acts 1915, pp. 294, 302, 303).**

Acts 1915, pp. 294, 302, 303, relating to appeals from recorder's court in cities of 100,000 or more, being special and local in its application, has not been repealed by the general cognate provisions of the Code, but is still in force.

5. **Criminal law ⧉260(8)—Statute held not to authorize dismissal of appeal from recorder's court before entry of final judgment of forfeiture of appeal bond (Acts 1915, pp. 294, 302, 303).**

Acts 1915, pp. 294, 302, 303, providing that in appeals from recorder's courts in cities of 100,000 population on failure of defendant to appeal, appeal may be dismissed after entry of final judgment of forfeiture of the appeal bond, does not authorize dismissal of appeal, where judgment of forfeiture had not been made final against defendant.

Petition of James Thompson for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Thompson v. City of Birmingham, 117 So. 403. Writ granted.

Defendant was convicted, in the recorder's court, of a violation of a city ordinance, and appealed to the circuit court. Upon call of the case in the circuit court, defendant failed to appear, whereupon a forfeiture on the appeal bond was entered, the appeal was dismissed, and a writ of procedendo issued to the recorder's court. Thereafter the chief of police of the city of Birmingham arrested defendant in the enforcement of the judgment of the recorder's court, and defendant applied to the circuit court for a writ of habeas corpus. The writ was denied, and defendant appealed to the Court of Appeals. The Court of Appeals affirmed the judgment of the circuit court, and defendant now applies to the Supreme Court for certiorari to the Court of Appeals to review its said judgment of affirmance.

Altman, Taylor & Koenig, of Birmingham, for appellant.

Code, § 8790, relates entirely to civil cases. Section 2307 applies only to appeals from justice court not otherwise provided by law. Sections 3858, 3859, provide for and control appeals in criminal and quasi criminal cases. Puryear v. State, 16 Ala. App. 112, 75 So. 704; Acts 1915, p. 302. The Act of 1915 is not repealed by Code, 8790. Board of Rev. v. Johnson, 200 Ala. 533, 76 So. 859. The appeal could have been dismissed only in the event the judgment for forfeiture was made final. Acts 1915, p. 302, § 27; City of Birmingham v. Fort, 12 Ala. App. 632, 67 So. 734; Code 1923, § 1937; Bickley v. Keenan, 60 Ala. 293; Arrington v. S. & W. R. Co., 95 Ala. 434, 11 So. 7.

Horace C. Wilkinson, of Birmingham, for appellee.

The circuit court has inherent power to dismiss an appeal when appellant fails to appear, independent of statute. Henning v. Greenville, 69 Miss. 214, 12 So. 559; Ex parte Caldwell, 62 Miss. 774; Bush v. State (Miss.) 6 So. 647; Henderson v. State (Miss.) 8 So. 649; Durden v. State, 102 Miss. 570, 59 So. 845; Gillie v. State, 126 Miss. 832, 89 So. 665; State v. Koerner, 103 Wash. 516, 175 P. 175; State v. Berg, 111 Wash. 422, 191 P. 400; State v. Parmeter, 49 Wash. 435, 95 P. 1012; State v. Buffum, 94 Wash. 25, 161 P.

832; Woodhead v. State (N. J. Sup.) 134 A. 556; 16 C. J. 375, 376. Such action is within the sound discretion of the court, and will not be revised save for abuse. 18 C. J. 1191, 1192, 1200; Roy v. L. & N., 9 Ala. App. 377, 63 So. 772. The Act of 1915 does not abrogate and exclude the inherent power and discretion of the circuit court; it is merely declaratory and -cumulative.

SOMERVILLE, J. [1] When a party to a judicial proceeding appeals from the judgment of the trial court to an appellate court, for the purpose merely of *reviewing* the rulings and judgment of the trial court, the party becomes and remains the actor in the prosecution of the appeal; and, no statute forbidding, the appellate court has undoubtedly the inherent power to dismiss the appeal, if the appellant does not seasonably appear and prosecute it conformably to the prescribed procedure.. 18 Corpus Juris, 1192.

[2] But when an appeal is allowed by statute from the judgment of an inferior court to a superior court, where the case is to be tried de novo, a different situation is presented. A trial de novo means a new trial "as if no trial had ever been had, and just as if it had originated in the circuit court." L. & N. R. R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733, 735; Vinyard v. Republic I. & S. Co., 205 Ala. 269, 87 So. 567; Rowlesburg v. Zelano, 74 W. Va. 142, 81 S. E. 732. As declared in the Lancaster Case, supra:

"The appeal when taken operates to annul and vacate the entire judgment of the justice of the peace, and not a part only of the judgment."

The distinction between such appeals and ordinary appeals *for review* has been well stated by the California Court of Appeals:

"When an appeal from the judgment of a justice's court is taken and duly perfected, by a defendant, upon both questions of law and fact, the case is removed to the superior court for a trial de novo, and the superior court must try the case as if there had been no trial in the justice's court. In such case, the appeal being fully perfected, the plaintiff is the actor in the superior as he was in the justice's court, and it is his duty to bring the case on for trial, and no duty in that respect devolves upon the defendant, although he is the. appealing party." Kraker v. Superior Court, etc., 15 Cal. App. 651, 115 P. 663..

To the same effect are Hoelzel v. Kelly (Mo. App.) 291 S. W. 1081, and Reagan v. Louisiana Western R. Co., 143 La. 754, 79 So. 329.

In 35 Corpus Juris, 806, § 514, the rule of procedure is thus stated:

"Under .some statutes or rules of court or practice, an appeal from a justice's judgment will be dismissed if appellant fails to appear and prosecute his appeal within the time prescribed, unless he can show a sufficient excuse for such

failure, and an appeal may be dismissed on motion of appellant because appellee is not before the court. But in the absence of such statutes or rules an appeal in a cause triable de novo in the appellate court will not ordinarily be dismissed for the nonappearance of appellant or appellee, although the action itself may be dismissed for want of prosecution."

See, also, 43 Corpus Juris, 483, § 715.

The foregoing principles relate to appeals from justices of the peace in civil cases. A fortiori, they are applicable to appeals in criminal cases, no statutes contravening.

[3] The question here presented—the right vel non of the circuit court to dismiss a case appealed to it by a convicted defendant from the recorder's court of Birmingham, when the appealing defendant fails to appear for trial—must be considered and determined in the light of the statutes which prescribe the procedure for such cases.

Section 1937 (1217) of the Code authorizes such an appeal, and requires that "the case appealed shall be tried de novo in such court." Section 1938 (1218) provides that—.

"If such defendant fails to .appear in the court to which an appeal was taken, when the case is called. for trial, unless good cause is shown to the court for his absence or default, the court shall enter up a judgment of forfeiture on said bond against the defendant and his sureties as is authorized or provided by law in criminal cases."

Section 2307 (1451) also provides for appeals from municipal courts to the circuit court from judgments of conviction for the violation of a municipal ordinance or by-law, "to be governed in all respects by the laws regulating appeals from judgments of justices of the peace in criminal cases."

Section 3858 (6743) gives to the defendant convicted of crime in a justice court the right of appeal to the circuit court; and section 3859 (6744) provides that—

The trial on appeal "shall be de novo, and shall be governed in all respects by the rules and regulations prescribed for the trial of appeals from the county court."

With respect to appeals from the county court, section 3841 (6728) provides that—

"If the defendant fails to appear, at the circuit court as required by the appeal bond he shall be liable to the same *penalties, forfeitures* and *proceedings* as on a forfeited bail bond taken in the .court; and a new warrant of arrest may issue from that court without any other authority therefor."

Thus, by a clear and unbroken chain of reference and adoption, the law has been declared that on appeal to the circuit court by a defendant convicted in a municipal court the trial must be de novo; and, if the appealing defendant fails to appear in the circuit

court for trial, he shall be liable to the same penalties, forfeitures, and *proceedings* as is the defendant on a forfeited bail bond.

Those penalties, forfeitures, and proceedings are mandatorily prescribed by sections 3823–3828 (6711–6716) of the Criminal Code.

Section 3823 declares:

"If the defendant fail to appear as required by his bond, the county court *shall* enter a forfeiture against him and his sureties [and provides a form for the conditional judgment]."

Section 3824 declares:

"The county judge or clerk * * * *shall* thereupon issue a notice to said defendant, and cause it, together with a copy of the conditional judgment rendered, to be served on said defendant," etc.

Section 3825 declares:

"If the defendant, on being thus notified, fails to appear, or appears but fails to show a satisfactory excuse for his default, and no sufficient cause is shown for a continuance of the case, the court *shall* render judgment final [and provides a form for the final judgment]."

Section 3826 provides that—

"If the defendant appears and submits to trial, the court may release him and his sureties from any part of the forfeiture which seems just."

Section 3828 declares:

"When a forfeiture has been taken against a defendant and the sureties on his bail bond, *it shall be the duty of the court* to issue another warrant of arrest against the defendant, upon which *the same proceedings* shall be had as upon the original warrant."

We have here supplied the italics shown above.

The course of procedure prescribed by these statutes is too plainly mandatory to permit of serious argument. An imperative duty is laid upon the circuit court to *rearrest* a nonappearing defendant and *proceed anew* as if there had been no default. This duty, by the very terms of its imposition, is entirely inconsistent with the existence of any discretion in the court to dispose of the case in any other way; that is, of course, so long as the state chooses to continue the prosecution. Here, as in all criminal proceedings, the state may, with the consent of the court, dismiss the prosecution; but it cannot dismiss *the appeal*, which is a very different proposition.

It must of course be observed that we are dealing only with the case of a perfected appeal from a valid judgment of conviction. Outside of this category there are cases where appeals to the circuit court may and should be dismissed. Dean v. State, 63 Ala. 153; Martin v. State, 156 Ala. 89, 47 So. 104. And in appeals like this a dismissal would be proper, if the required appeal bond had not been given within five days after the judgment. Code, §§ 1937, 2307.

Section 8790 of the Code, providing for the writ of procedendo from appellate courts to justice's courts when "it becomes necessary or proper that the proceedings in whole or in part should be remanded to the justice court for further action," rebates exclusively to civil suits, as clearly appears from the contextual sections, and indeed from the entire chapter. It is without application to criminal cases, but has a field for operation in civil cases when the appeal is dismissed for nonconformity to statutory requirements, and also in a few special anomalous cases, as in Derrett v. Alexander, 25 Ala. 265; Burns v. Howard, 68 Ala. 352.

Upon a very full and deliberate consideration of the question, we conclude that the circuit court was without power to dismiss the petitioner's appeal from the judgment of conviction in the recorder's court, and hence he was improperly and illegally committed to the custody of the municipal authorities. It results that, on the showing made, the writ of habeas corpus was improperly denied to the petitioner, and the judgment of the circuit court should have been reversed by the Court of Appeals, and a judgment should have been rendered granting the writ as prayed.

This was evidently the view of the Court of Appeals in the case of State ex rel. Birmingham v. Fort, 12 Ala. App. 632, 67 So. 734, though the point of decision did not extend so far.

In some states the practice of dismissing appeals of this character when the defendant fails to appear and prosecute his appeal, has been approved by the courts, as fully shown by the opinion of the Court of Appeals herein. But the appeals in those states are governed by statutes and rules quite different from ours, and the decisions appear to be grounded on the theory that the appeal does not vacate the judgment, but merely stays it (Ex parte Caldwell, 62 Miss. 774; section 69, Code of Mississippi), and that the defendant on appeal becomes a plaintiff—actor who must actively prosecute his appeal to a conclusion in the appellate court. As we have seen, those theories of the appeal do not prevail under our system and decisions.

The argumentum ab inconvenienti—the practical difficulties in the way of handling innumerable appealed cases in the mode prescribed by the statute—would no doubt be deserving of consideration, if the statutes were of doubtful meaning; but their mandate is too plain to be affected by any consideration of that kind.

[4, 5] We do not overlook the effect of section 27 of the Act of August 20, 1915 (Gen. Acts 1915, pp. 294, 302, 303). It provides that—

In appeal cases from recorder's courts in cities of 100,000 population, or more—which is applicable to Birmingham—"if the defendant fails to appear in the court to which an appeal

was taken when the case is called for trial, unless good cause is shown to the court for his absence or default, the court shall enter up a judgment of forfeiture on his appeal bond against the defendant and his sureties, and the defendant and his sureties shall be liable to the same penalties, forfeitures and proceedings as on a forfeited bail bond taken by the court and a new warrant of arrest may issue from that court without any other authority therefor. Or, where any such forfeiture has been made final against the said defendant and his sureties or any of them, the said appeal may be dismissed by the court ex mero motu or upon motion of the solicitor or his assistant or of the city attorney or his assistant prosecuting such cause.

Manifestly, this authority to dismiss the appeal is special and limited, and cannot be extended beyond the terms by which it is granted. Either the court may proceed as usual with the default and the prosecution, or, when the forfeiture has been made final, after notice to defendant of the conditional forfeiture and his failure to then appear and excuse his default, as prescribed by law, the appeal may be dismissed, and the defendant remitted to the city authorities for a punishment under the judgment appealed from.

This act being special, and local in its application, has not been repealed by the general cognate provisions of the Code, but is still in force. Hallock v. Smith, 207 Ala. 567, 93 So. 588; Walker v. Birmingham, 216 Ala. 206, 112 So. 823; Hall v. Birmingham, 20 Ala. App. 437, 102 So. 732.

It would seem therefore that, had the judgment of forfeiture been made final against this defendant, in due course of procedure, the circuit court would have then been authorized to dismiss the appeal. But that essential condition was not fulfilled, and hence the authority was not called into existence. The judgment of the circuit court dismissing the petitioner's appeal was unauthorized and void, and his arrest and detention by the chief of police was therefore unauthorized and unlawful.

It must be understood, of course, that the relief here sought, and the relief to which the petitioner is entitled, is limited to his discharge from the custody of the police authorities of Birmingham, and cannot disturb the jurisdiction and powers of the circuit court in the further arrest and prosecution of the petitioner as required by law.

The judgment of the Court of Appeals will be reversed, and the cause will be remanded to that court for further proceedings in accordance with this opinion.

Writ of certiorari granted; reversed and remanded.

ANDERSON, C. J., and SAYRE, THOMAS, and BOULDIN, JJ., concur.
BROWN, J., concurs in the result.
GARDNER, J., not sitting.