168 So.2d 256

**Worth LONG et al.**

v.

**STATE.**

**2 Div. 111.**

Court of Appeals of Alabama.

March 6, 1964.

Rehearing Denied May 26, 1964.

Peter A. Hall, Birmingham, and J. L. Chestnut, Jr., Selma, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellants, Wilson Brown, Wolff Dawson and John Robert Lewis were convicted in the County Court of Dallas County for unlawful assembly. Appellant Worth Long was convicted in said court on a charge of resisting an officer in the execution of legal process.

As a part of the judgment of conviction and as an additional penalty each of the defendants was required to enter into a bond or undertaking in the sum of $1000, conditioned to keep the peace for twelve months. Appeal bonds in the sum of $1000 each were executed and approved, thereby perfecting appeals to the Circuit Court. The sheriff having refused to release appellants from custody until they had executed the peace bonds, a writ of habeas corpus was sued out before the Circuit Judge, who entered a judgment denying habeas corpus and remanding the relators to the custody of the sheriff. The peace bond for each petitioner was reduced to $500.

Upon stipulation of counsel for petitioners and the State of Alabama, these petitions and those of Benny Tucker and Henry Will Shannon were consolidated, for the purpose of the hearing, with only one transcript of the evidence furnished.

■ The peace bonds were superseded by the execution and approval of the appeal bonds. Tucker v. State, 2nd Div. 110, post p. 477, 168 So.2d 258.

The affidavits charge Brown, Dawson and Lewis with the offense of unlawful assembly "in that after having done acts to induce the assembling of a crowd, or after having given or knowingly permitted to be given notice or public knowledge that he or other persons would at a time or place certain in this state, did aid or assist in doing acts or make gestures or communications which are calculated to or will probably so outrage the sense of decency and morals or so violate or transgress the customs, patterns of life and habits of the people of Alabama as to be likely to cause a riot or breach of the peace at such time or

 

place and does in fact do or aid or assist in doing any such act or gesture or communication."

The charge against Worth W. Long is: "Resisting Officer in Execution of Process. Title 14 Section 402."

■ The affidavits themselves do not charge an offense against the person or property of anyone.

The evidence presented at the hearing was that John Robert Lewis was arrested while marching with a group of about fifteen persons in front of the courthouse at Selma. Each person was holding a sign reading, "One Man. One Vote. Dallas County Negroes demand the right to register and vote."

Wolff Dawson was arrested while he was walking up and down the street in a group of five persons carrying placards.

Wilson Brown and another person were walking up and down in front of Carter's Drug Store. Brown was wearing a T-shirt on which was printed the words: "Integration," "Vote," and "SNCC." The other person carried a sign.

A meeting was in progress at a church in Selma. The Sheriff testified he had a warrant for the arrest of Benny Tucker on a charge of contributing to the delinquency of minors. Tucker was in the meeting but out of respect for the church the Sheriff did not want to go inside to arrest him. The Sheriff was told that Worth Long was in charge of the meeting and he ordered Long to bring Tucker outside. Long went inside and spoke to Tucker and both of them started toward the Sheriff, but before reaching the door they turned and walked in another direction. The Sheriff waited fifteen minutes and then entered the church. Tucker was on the rostrum, at the loud speaker, and Worth Long was seated immediately behind him. The Sheriff arrested Tucker and also arrested Long for disobeying his order to bring Tucker outside. Neither defendant attempted to escape. Worth did not attempt to restrain the Sheriff from arresting Tucker, and neither Tucker nor Long offered to do violence to the Sheriff's person or property.

It is clear from the affidavits and the evidence submitted on the hearing that the peace bonds were not required in accordance with the provisions of Section 419 of Title 15, Code of Alabama.

The judgment denying habeas corpus is reversed upon the authority of Tucker v. State, 2nd Div. 110, Ala.App., 168 So.2d 258.[1] It is hereby ordered that appellants be released from custody, subject to the conditions of the bonds heretofore approved pending appeal from the County Court of Dallas County to the Circuit Court.

Reversed and rendered.