226 So.2d 665

Stonewall KEY

v.

STATE.

5 Div. 715.

Court of Appeals of Alabama.

Sept. 9, 1969.

Robt. J. Hooton, Roanoke, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Key was complained against before a justice of the peace. The originating affidavit reads:

"ORIGINAL AFFIDAVIT AND WRIT OF ARREST

"THE STATE OF ALABAMA

"JUSTICE COURT

"RANDOLPH COUNTY

"OCT. TERM, 1967

"Personally appeared before me, Elizabeth Chase, J. P., in and for said County, Ralph Gunn, who being by me first duly sworn, says on Oath that he has probable cause to believe and does believe that within twelve months before the making of this affidavit in said County that Stonewall Key, Did threaten to kill Ralph Gunn with a rifle or gun against the peace and dignity of the State of Alabama.

"/s/ Ralph C. Gunn

"Sworn to and subscribed before me, this 26 day of Oct., 1967.

"/s/ Elizabeth Chase, J. P.

"Threatening to Kill"

The consequent warrant read:

"WRIT OF ARREST

"THE STATE OF ALABAMA, RANDOLPH COUNTY TO ANY LAWFUL OFFICER OF SAID COUNTY GREETING:

"You are hereby commanded to arrest Stonewall Key and bring him before Elizabeth Chase, J. P., on a charge of Assault and threaten to kill Ralph Gunn on the 27 day of Oct.—1967, preferred by Ralph Gunn at City hall at 3:00 o'clock.

"Witness my hand this 26 day of Oct.— 1967.

"/s/ Elizabeth Chase

"Judge of County Court

"I have executed this writ by arresting Stonewall Key.

"/s/ Henry Allen

"Sheriff—Constable"

In Howard v. State, 121 Ala. 21, 25 So. 1000, we find:

"The warrant issued for the arrest of the defendant in the case under consideration was in these words: 'Complaint on oath having been made before me that the offense of threatening breach of peace has been committed in said county, and charging Jack Howard with the commission of said offense, you are therefore commanded to arrest said Jack Howard and bring him before me instanter.'

"The gist of this warrant is that the defendant had committed the offense of threatening a breach of the peace. This is emphasized by the language following, 'charging Jack Howard with the commission of said offense.' Howard had committed no offense, as shown by the language in the warrant. Had the warrant read that he has threatened an offense on the person or property of another, he would have been apprised that he was required to appear for the purpose of having the question adjudged as to whether or not he would have to give security to keep the peace, and that he was not charged with a criminal offense. When this warrant was shown him or read to him, he doubtless believed, and had a right to believe,—nor was there a clear inference deducible from the language to the contrary,—that the attempt to arrest him was for an of-

fense, for which he was to be punished, which designated offense was unknown to the law, and not punishable.

"The warrant was void upon its face, and the defendant was under no legal duty to submit to an arrest. *Noles v. The State,* 24 Ala. 672."

## I

In Code 1940, T. 15, § 401, it is provided:

"§ 401. Whenever complaint is made to a magistrate that any person has threatened, or is about to commit an offense on the person or property of another, he must examine the complaint, and any witness he may produce, on oath, reduce such examination to writing, and cause it to be subscribed by the party so examined."

Thus initiated, peace proceedings under T. 15, § 408, can lead to a requirement that the defendant give an undertaking to keep the peace for a period of between six and twelve months. Provision is made for an appeal with trial de novo. §§ 413–417.

■ However, here the justice court not only took a bond in the penal sum of $500.-00 but in it also apparently required, in terrorem, "or six months in jail." No warrant for the insertion of this latter alternative is found in the Code.[1] See suggested form in § 409, T. 15.

## II

In the Circuit Court, the State filed the following complaint de novo:

"Now comes the State of Alabama by and through its District Attorney of the Fifth Judicial Circuit of Alabama, Tom F. Young and says that before the

making of the complaint in this cause, and within twelve month of the making of said complaint that one, Stonewall Key did in Randolph County, Alabama, did draw, or threaten to use, a pistol, shot gun, or other deadly or dangerous weapon, *already drawn* upon Ralph C. Gunn, against the peace and dignity of the State of Alabama." (Italics added.)

This alleges a misdemeanor in violation of Code 1940, T. 14, § 36. See McClendon v. State, 44 Ala.App. 558, 216 So.2d 302.

■ The offense thus charged is in essence an assault with a deadly weapon and, hence, cannot be begun before a justice of the peace. Code 1940, T. 13, § 417. Danzey v. State, 68 Ala. 296.

The circuit court proceeded to try the case without the intervention of a jury. The defendant was found guilty and fined $500.00.

In *Howell v. State,* 17 Ala.App. 377, 84 So. 774, the entire opinion reads:

"SAMFORD, J. The charge as shown by the complaint filed was not within the jurisdiction of the justice of the peace. Code 1907, § 6733. The jurisdiction of the circuit court in this case is predicated and dependent upon the jurisdiction of the justice of the peace. It follows, therefore, that the judgment of the circuit court was a nullity and will not support an appeal. The appeal is dismissed on authority of Martin v. State, 156 Ala. 89, 47 South. 104.

"Appeal dismissed."

Appeal dismissed.

Defendant discharged.

---

[1] We forego any discussion of Long v. State, 42 Ala.App. 476, 168 So.2d 256; Tucker v. State, 42 Ala.App. 477, 168 So.2d 258; and Fedele v. Commonwealth, 205 Va. 551, 138 S.E.2d 256, because § 429 of T. 13 applies only to courts of record.