We granted Richard Hilburn's petition for certiorari review of a judgment of the Court of Criminal Appeals affirming his conviction of driving under the influence of alcohol. We reverse.
On September 26, 1989, Hilburn was convicted in the Gardendale Municipal Court of driving under the influence of alcohol, in violation of city ordinance 88-19. He was fined $1,000 and was sentenced to 60 days in the City of Gardendale jail. The same day, he gave a bond and filed notice of appeal to the Circuit Court of Jefferson County for a trial de novo.
On December 11, 1989, Hilburn's case came on for trial in the circuit court. Hilburn's counsel preliminarily moved to dismiss the appeal and to remand the case to the municipal court for execution of the sentence imposed by that court. The trial judge responded:
 "The Court overrules it. You have used us to appeal and you have now incurred costs and I am not going to do it. This is not the first time I have refused to do it. I think that [it] is [within] my discretion. I have done it many times, but many times I have not done it, too."
Following an adverse jury verdict, Hilburn was fined $2,000 and was sentenced to 90 days at hard labor.
In an unpublished memorandum opinion, the Court of Criminal Appeals affirmed the conviction. We granted certiorari review to determine whether a defendant, in an appeal from a conviction in the municipal court for a trial de novo in the circuit court, has the right, prior to the empaneling of a jury or the joining of issues in the circuit court, to submit to the judgment of the municipal court through the dismissal of his appeal and the reinstatement of the original judgment.
The trial court's denial of Hilburn's motion for dismissal was consistent with Ala.R.Crim.P. 30.5(b), which provides for appeals from municipal or district courts.[1] Rule 30.5(b) states in pertinent part:
 "(b) Dismissal of Appeal. Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand *Page 10 
the case to the court appealed from for enforcement of the lower court judgment. . . .
 "Upon the request of the appellant, the judge of the court to which an appeal has been taken may enter an order dismissing the appeal, provided the appellant tenders payment of the costs and fines imposed by the court appealed from at the time the request for dismissal is made; and provided, further, that the appellant submits himself or herself to the sheriff or, in appeals from municipal court, to the chief of police to begin serving any sentence of imprisonment previously ordered."
(Emphasis added.)
Rule 30.5(b) thus authorizes, rather than requires, dismissal of the defendant's case upon the defendant's nonappearance or motion to dismiss and to remand the case to the municipal court. Under Rule 30.5(b), the disposition of a motion to dismiss an appeal from a judgment in municipal court for a trial de novo is thus within the discretion of the circuit court. Such a result stands in direct conflict, however, with the clearly expressed will of the Alabama Legislature.
The procedure for de novo appeals from municipal court is specifically set forth in Ala. Code 1975, § 12-14-70. That section provides in pertinent part:
 "(a) All appeals from judgments of municipal courts shall be to the circuit court of the circuit in which the violation occurred for trial de novo.
". . . .
 "(e) Upon trial or plea of guilty in the circuit court on appeal, the court may impose any penalty or sentence which the municipal court could have imposed.
 "(f) Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal. . . .
 "(g) Upon receipt of notice of dismissal of an appeal, the municipal court may issue a warrant for arrest of the defendant, who may also be arrested without a warrant as an escapee. Upon arrest, the defendant shall be delivered to the municipal authorities and punished in accordance with the judgment of the municipal court."
(Emphasis added.) Unlike Rule 30.5(b), § 12-14-70 thus casts inmandatory terms the disposition of an appeal from municipal court upon the nonappearance of the defendant. Section 12-14-70
is the product of an evolution of legislative pronouncements on the subject, as is evidenced by a brief review of the legislative and case histories of that section's predecessors.
Ala. Code 1907, § 1218, setting forth the procedures for the disposition of appeals from the "recorder's court" for trialsde novo in the circuit court, provided:
 "If such defendant fails to appear in the court to which an appeal was taken, when the case is called for trial, unless good cause is shown to the court for his absence or default, the court shall enter up a judgment of forfeiture on said bond against the defendant and his sureties, as is authorized or provided by law in criminal cases. . . ."
(Emphasis added.) This provision reappeared without significant change in Ala. Code 1923, § 1938.
In Thompson v. City of Birmingham, 217 Ala. 491, 117 So. 406
(1928), this Court held that where the defendant failed to appear before the circuit court for trial de novo, § 1938 did not authorize the judge to dismiss the appeal and to remand the case to the recorder's court. Following a thorough statutory analysis, this Court concluded that § 1938 and related sections required the circuit court to enter a final judgment as if the case had begun in that court. 217 Ala. at 493, 117 So. at 408.
Seven years after this Court's decision in Thompson, the legislature amended § 1938. Act No. 520, 1935 Ala. Acts 1107. Act No. 520 provided:
 "If such defendant fails to appear in the court to which an appeal was taken, when the case is called for trial, . . . the court shall enter up a judgment of forfeiture on said appeal bond, against the defendant and his sureties as is authorized *Page 11 
or provided by law in criminal cases, and a new warrant of arrest may issue from the court without any other authority therefor, and the court may also . . . ex mero motu, dismiss such appeal. Upon the dismissal of such appeal, and by the fact of such dismissal of such appeal, the judgment of the recorder's court against the defendant shall be reinstated and become final. . . ."
(Emphasis added.) Act No. 520, therefore, placed within the discretion of the trial judge the decision whether to dismiss the appeal or to retain the case and enter a final judgment. See also Anthony v. City of Birmingham, 240 Ala. 167, 168,198 So. 449, 450 (1940). That provision passed into successive codes for the next 40 years, without substantive change. See Ala. Code 1958, tit. 37, § 588.
In 1975, however, the legislature, in order to "implement the new Judicial Article of the Alabama Constitution (Amendment No. 328 approved December 18, 1973)," materially altered both the form and the substance of the provisions for appeals from municipal court. Act No. 1205, 1975 Ala. Acts 2384, 2384. Section 8-105 of the 1975 Act deleted the clause in the former section providing for the discretionary retention of a case on appeal from municipal court. In its place, the 1975 Act substituted the clause now contained in § 12-14-70(f), which provides that "[u]pon failure of an appellant to appear in the circuit court when the case is called for trial . . ., the court shall dismiss the appeal." (Emphasis added.) The series of enactments thus demonstrates a progression of legislative intent regarding the circuit court's discretion to retain a case on appeal, from the mandatory retention under Ala. Code 1923, § 1938 — through the express grant of discretion in the wake of Thompson — to mandatory dismissal and reinstatement of the original judgment through the repeal in the 1975 Act of the clause conferring discretion.
To be sure, the legislation under discussion has expressly addressed only the issue of dismissal upon failure of the defendant to appear for trial. Nevertheless, if the circuit court has no discretion to retain the case upon thenonappearance of the defendant, then, a fortiori, it lacks the discretion to retain the case if the defendant appears andaffirmatively seeks the dismissal of the appeal and the remand of the case to the municipal court. To hold otherwise, as Hilburn points out in his brief, encourages defendants to "fail to show when their case is called for trial in order for their appeal to be dismissed."
In addition, a rule providing for mandatory dismissal and reinstatement of the original judgment on the motion of the defendant is sound from the standpoint of convenience. SeeThompson v. City of Birmingham, 217 Ala. 491, 493, 117 So. 406,409 (1928). The Constitutions of the United States and Alabama provide for the right to trial by jury in most criminal cases. If a jury trial were given to all defendants at the initial trial proceedings in the municipal and district courts, our judicial system could not manage the case load.[2]
Experience has proven that most defendants in those courts do not seek a jury trial. However, § 12-14-70 provides this constitutional protection for those who want it. Most defendants do not object to the fact that their constitutional rights are *Page 12 
temporarily held in abeyance. On the other hand, our judicial system should not be allowed to require a defendant to go to trial with a jury just because he filed a notice of appeal, even though he later decided, for whatever reasons, not to pursue the appeal.
We agree with the Supreme Court of Missouri, which observed that this " 'two-tiered' approach allowing for de novo relitigation of the charge is solely for the benefit and protection of the accused." State ex rel. Garrett v. Gagne,531 S.W.2d 264, 267 (Mo. 1975). Indeed, the Rules of Criminal Procedure, themselves, expressly rest on this consideration and similar ones. Rule 1.2, which articulates the "purpose" and "objectives" of the Rules, states: "These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity inprocedure, fairness in administration, and the elimination ofunnecessary delay and expense, and to protect the rights of theindividual while preserving the public welfare." (Emphasis added.) We thus conclude that § 12-14-70 more accurately represents the policy of this state in matters such as judicial economy and the protection of the accused.
Therefore, Rule 30.5(b), which appears to give the circuit court the discretion that is absent from § 12-14-70, must be understood as though it read:
 "(b) Dismissal of Appeal. Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court shall dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment. . . .
 "Upon the request of the appellant, the judge of the court to which an appeal has been taken shall enter an order dismissing the appeal, provided the appellant tenders payment of the costs and fines imposed by the court appealed from at the time the request for dismissal is made; and provided, further, that the appellant submits himself or herself to the sheriff or, in appeals from municipal court, to the chief of police to begin serving any sentence of imprisonment previously ordered."
Id. (emphasis added).[3]
We hold, therefore, that a defendant, in an appeal from a conviction in the municipal court or district court for a trialde novo in the circuit court, has the right, prior to the empaneling of a jury or to the production of evidence in the circuit court, to submit to the judgment of the municipal court through the dismissal of his appeal and the reinstatement of the original judgment. Of course, the defendant remains liable for any court costs incurred by the circuit court prior to the voluntary dismissal.
The judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to that court with directions to remand it to the circuit court for reinstatement of the judgment imposed in the municipal court.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY and INGRAM, JJ., concur.
STEAGALL, J., concurs in the result.
SHORES, J., dissents.
[1] The Rules of Criminal Procedure were adopted by this Court pursuant to the authority granted by Ala. Const. 1901, amend. 328, § 6.11. Ala.R.Crim.P. 1.1, committee comments. The current Rules took effect on January 1, 1991.
[2] The Advisory Commission on the Judicial Article Implementation stated the following:
 "Jury trials should not be available in the district court. Any party who has a constitutional right to a jury trial may obtain such by appeal to the circuit court pursuant to the applicable rules of civil or criminal procedure. No supersedeas bond should be required to prevent execution pending civil appeals from the district court to the circuit court.
 "Comment: This recommendation reflects the Commission's firm conclusion that jury trials and court reporting capability at the district court level would be prohibitively expensive and time consuming. Hence, the Commission proposes that the constitutional right to a jury trial be preserved by trial de novo on appeal, with no requirement of a bond for supersedeas."
Report of the Advisory Commission on Judicial Article Implementation, March 1, 1975, Joseph F. Johnston, Chairman, Charles D. Cole, Director.
[3] This construction of Rule 30.5(b) is also consistent with the committee comment to that Rule, which states: "If the defendant who has appealed from conviction fails without cause to pursue the appeal at trial, the remedy is dismissal of the appeal andautomatic reinstatement of the judgment appealed from." (Emphasis added.) *Page 13