COBB, Judge.
Gary Michael Gormandy appeals from the Circuit Court of Mobile County’s refusal to dismiss the appeal of his municipal court conviction for driving under the influence. The issue on appeal is whether the circuit court erred in refusing to accept Gormandy’s withdrawal of his notice of appeal and in forcing him to proceed to a jury trial. We remand this case to the trial court for it to make findings of fact.
*53 On November 16, 2000, Gormandy was convicted in the Mobile municipal court of driving under the influence (“DUI”). He was sentenced to the minimum jail time allowable for a second DUI offense. He was also fined $1,000 and was ordered to pay court costs in the amount of $135. He sought de novo review in of the municipal court’s judgment in the circuit court, as permitted by Rule 30.1(a), Ala.R.Crim.P. On November 22, 2000, Gormandy filed his appeal in the Circuit Court of Mobile County. The case was set for trial or the entry of a blind plea on February 1, 2001. On that date, Gormandy’s attorney notified the court that he had another case scheduled to be tried at the same time; he asked' the court to continue Gormandy’s case. The trial court reset the trial for February 22, 2001. When the case was called for trial on February 22, 2001, Gor-mandy moved to withdraw his notice of appeal. The circuit court denied the motion, and the case proceeded to trial. The defendant was found guilty by a jury and was sentenced to one year in the Mobile jail, to serve 30 days; the balance of the sentence was suspended.
In his “order denying defendant’s motion to dismiss appeal,” the trial judge stated:
“Defendant invoked the jurisdiction of this Court by means of a frivolous appeal prosecuted for purposes of delay only. Defendant maintained the appeal while representing to the Court that the case required a trial by jury. Defendant was told that the only remaining options were trial by jury or entry of blind plea. In consequence of Defendant’s actions considerable judicial and prosecutorial resources were devoted to the matter, not to mention the fact that a number of citizens was caused to be summoned as prospective jurors on two occasions.”
(R. 11.)
Rule 30.5, Ala.R.Crim.P., states:
“(b) Dismissal of Appeal. Where appellant, without sufficient excuse, does not appeal for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the ease to the court appealed from for enforcement of the lower court’s judgment ....
“Upon the request of the appellant, the judge of the court to which an appeal has been taken may enter an order dismissing the appeal, provided the appellant tenders payment of the costs and fines imposed by the court appealed from at the time the request for dismissal is made, and provided, further^ that the appellant submits himself or herself to the sheriff or, in appeals from municipal court, to the chief of police to begin serving any sentence of imprisonment previously ordered.”
Gormandy contends that the trial court erred when it denied his motion to dismiss his appeal. Gormandy relies on Ex parte Hilburn, 591 So.2d 8 (Ala.1991), and argues that that case holds that a trial court must dismiss an appeal and reinstate an original judgment when the defendant seeks to withdraw his appeal of the conviction before a jury is empaneled or prior to the production of evidence.
While Rule 30.5, Ala.R.Crim.P., appears to be permissive, giving trial courts discretion to dismiss an appeal upon the motion of a defendant, the Alabama Supreme Court in Ex parte Hilburn, supra, reviewed the procedures for de novo appeals from municipal court and determined that Rule 30.5, Ala.R.Crim.P., must be understood as though it read:
“ ‘(b) Dismissal of appeal. Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court shall dismiss the appeal, order the bond forfeited, and remand the case to the court appealed *54 from for enforcement of the lower court judgment....
“ ‘Upon the request of the appellant, the judge of the court to which an appeal has been taken shall enter an order dismissing the appeal, provided the appellant tenders payment of the costs and fines imposed by the court appealed from at the time the request for dismissal is made; and provided, further, that the appellant submits himself or herself to the sheriff or, in appeals from municipal court, to the chief of police to begin serving any sentence of imprisonment previously ordered.’ ”
Ex parte Hilburn, 591 So.2d 8, 12 (Ala.1991), quoting Rule 30.5, Ala.R.Crim.P. (Emphasis added.)
In coming to this conclusion, the Court in Ex parte Hilburn relied on § 12-14-70, which provides in pertinent part:
“(a) All appeals from judgments of municipal courts shall be to the circuit court of the circuit in which the violation occurred for trial de novo.
“(f) Upon failure of an appellant to appear in the circuit court when the case is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal.... ”
(Emphasis added.) The Court found that if the circuit court has no discretion to retain the case upon the nonappearance of a defendant, then it also lacks the discretion to retain the case if the defendant appears and affirmatively seeks the dismissal of the appeal and a remand of the case to the municipal court. To hold otherwise would encourage defendants to “fail to show when their case is called for trial in order for their appeal to be dismissed.” Ex parte Hilburn, 591 So.2d at 11.
The City of Mobile acknowledges in its brief that Ex parte Hilburn states that a judge “shall enter an order dismissing the appeal,” but contends that a prerequisite to the dismissal is that all costs and fines imposed by the Mobile municipal court must first be tendered. The City argues that the record does not indicate that Gormandy tendered payment of the costs and fines imposed by the municipal court when he sought to dismiss his appeal, and, therefore, it argues, the circuit court correctly denied Gormandy’s motion to withdraw his appeal. “Where the appellant fails to include pertinent portions of the proceeding in the record on appeal, this court may not presume a fact not shown by the record and make it a ground for reversal.” Carden v. State, 621 So.2d 342, 345 (Ala.Crim.App.1992). It is the appellant’s duty to provide this court with a complete record on appeal, and we will not predicate error on a silent record. See Wilson v. State, 727 So.2d 869 (Ala.Crim.App.1998). We cannot determine from the record whether Gormandy has tendered his payment of the costs and fines imposed by the municipal court; therefore, we remand this case to the circuit court to make findings of fact as to whether the costs were tendered.
This cause is remanded to the circuit court for findings of fact regarding the tender of payment of municipal court fines and costs. A return to remand should be filed within 21 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
*55 McMILLAN, P.J., and SHAW and WISE, JJ., concur. BASCHAB, J., concurs in the result.

 Note from the reporter of decisions: On December 14, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 11, 2002, that court denied rehearing, without opinion. On March 29, 2002, the Supreme Court denied certiorari review, without opinion (1010871).