# CHARLESTON

PICKENPAUGH *et al.* ADM'RS. *v.* KEENAN.

Submitted June 10, 1907.     Decided January 14, 1908.

1. JUSTICE OF THE PEACE—*Appeal—Trial De Novo.*

An appeal from the judgment of a justice has the effect in law of transferring the controversy to the appellate court for trial *de novo*; and it is error, on the failure of the defendant to appear when called, to enter up judgment in favor of the plaintiff without proof, as the burden is on plaintiff to prove his case. (p. 305.)

Error to Circuit Court, Randolph County.

Action by J. C. Pickenpaugh and others against L. H. Keenan.  Judgment for plaintiff, and defendant brings error.

*Reversed.     Remanded.*

C. H. SCOTT, for plaintiff in error.

McWHORTER, JUDGE:

J. E. Pickenpaugh and John L. Rohmer, administrators of Thomas Pickenpaugh, deceased, brought their action on contract before a justice of Randolph county on the 16th of December, 1902, against L. H. Keenan.  The case was called for trial on January 14, 1903, when judgment was rendered by the justice in favor of the plaintiff for $113.25 with interest thereon from that date until paid and costs of suit. The defendant appealed from said judgment to the circuit court of said county.

On the 4th day of February, 1904, the following order and judgment was entered in the case in the circuit court: "This day came the plaintiffs by their attorneys Cobb and Maxwell and the defendant being solemnly called came not and upon motion of the plaintiffs by their said attorneys the judgment of the Justice E. E. Taylor is hereby confirmed.  It is therefore considered by the Court that the plaintiff do recover of and from the said L. H. Keenan and Lizzie Keenan, the latter of whom signed the appeal bond in this cause as the surety therein, the sum of $117.25 the debt, interest and costs therein up to the time the appeal herein was taken,

with damages thereon at the rate of ten *per centum* until paid, and the plaintiff and appellee's costs about the prosecution of his suit, on the appeal thereof in this court by them in this behalf expended." On the next day, February 5th, the defendant appeared by his attorney and moved the court to set aside the said judgment and grant him a new trial in the case and in support of his motion tendered the affidavit of the defendant which was filed. The affidavit of defendant was to the effect that he had a just defense to the said action, that he was a material witness upon his own behalf on the trial; "and that for several days past and during the entire term of court he has been very sick, most of the time having been confined to his bed, that he has been informed that during the forenoon of this day a judgment was taken against him in said case in default of his appearance, that his absence was caused by his sickness aforesaid, he having been at that time unable to attend court and confined to his bed." On the 10th day of May, 1904, the court overruled the said motion of the defendant to set aside the judgment made at a former term and rendered judgment against the defendant and his surety on his appeal bond for the costs of the motion, to which rulings of the court the defendant excepted.

The judgment complained of is rendered by the circuit court upon default of the defendant in failing to appear when called and without any trial of the case, and simply upon the confirmation of the judgment of the justice who had tried the case. When the appeal, taken from the judgment of the justice, was entertained in the circuit court the judgment of the justice was vacated and rendered ineffectual and the case could only be tried *de novo* upon its merits in the circuit court and judgment rendered upon the evidence adduced. It does not appear from the record that the circuit court had any evidence before it, nor does it appear from the judgment that any trial was had. In *Evans* v. *Taylor*, 28 W. Va. 184, it was held: "An appeal from the judgment of a justice or other inferior tribunal, which has the effect in law of transferring the controversy to the Appellate Court for trial *de novo* , operates in legal construction to vacate such judgment and renders it ineffectual as the foundation of an action." See also *DeArmit* v. *Town of Whitmer*, decided at this term

of Court. A case exactly in point here is *Chenowith* v. *Keenan*, 61 W. Va. 108, (55 S. E. 991). That was a case for the recovery of the possession of land, judgment of recovery for plaintiff and an appeal by the defendant. On motion of the plaintiff the defendant was called and not appearing his appeal was dismissed and judgment entered affirming the justice's judgment. *Held:* "This is error, the burden of proving his case being on the plaintiff. The defendant is under no duty to prosecute the case."

When an appealed case from the judgment of a justice is called upon the docket of a circuit court it stands precisely in the condition as it originally stood in the justice's court. The plaintiff to be entitled to judgment must prove his case. The court being in error in rendering the judgment and in refusing to set aside the judgment and grant a new trial, the judgment of the circuit court is reversed and the cause is remanded for a new trial to be had therein.

*Reversed. Remanded.*