# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**N.C.,**
**Respondent Below, Petitioner**

**vs) No. 15-0135** (Mercer County 14-S-AP-16)

**S.A.,**
**Petitioner Below, Respondent**

**FILED**

September 11, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner N.C,[1] appearing *pro se*, appeals the November 20, 2014, order of the Circuit Court of Mercer County granting Respondent S.A. a personal safety order ("PSO")[2] against petitioner for a period of two years. Respondent, appearing pro se, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent are both females. Respondent previously dated petitioner's significant other and, according to petitioner, still has contact with petitioner's significant other and his relatives. On January 23, 2014, petitioner pled guilty in the Municipal Court of Princeton, West Virginia, to a charge of misdemeanor battery against respondent. According to the criminal complaint, petitioner punched respondent in the face on December 18, 2013. On or about October 16, 2014, petitioner again confronted respondent.[3] Following the October of 2014 incident, respondent filed a petition in the Magistrate Court of Mercer County for a PSO against

---

[1] Because this appeal involves the issuance of a personal safety order, the parties' names are confidential pursuant to West Virginia Code §§ 53-8-2(a) and (b)(1).

[2] As discussed *infra*, West Virginia Code §§ 53-8-1 to 17 govern the issuance of PSOs.

[3] This incident occurred as the parties were both stopped at a stoplight. The parties dispute whether petitioner got out of her vehicle. However, as discussed *infra*, the circuit court found that respondent was more credible.

1

petitioner. The magistrate court granted respondent a PSO, and petitioner appealed to the Circuit Court of Mercer County.

The parties appeared in the circuit court on November 18, 2014, for a trial de novo[4] on respondent's petition. Both parties presented their cases and, thereafter, the circuit court granted respondent a PSO against petitioner for a period of two years.[5] In an order entered on November 20, 2014, the circuit court found that (1) respondent provided testimony[6] and other evidence that petitioner appeared uninvited at respondent's home, threatened her on Facebook, and left voicemails; and (2) on or about October 16, 2014, petitioner confronted respondent and, as a result, respondent "suffered significant emotional distress."

Petitioner now appeals the circuit court's November 20, 2014, order. We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 331, 480 S.E.2d 538, 540 (1996).

West Virginia Code § 53-8-7(a)(2)(A) provides, in pertinent part, that a petition for a PSO may be granted if it is found, by a preponderance of the evidence, that (1) the person against whom the PSO is sought "has committed an act specified in [West Virginia Code § 53-8-4(a)]"; and (2) the person seeking the PSO "has a reasonable apprehension of continued unwanted or unwelcome contacts" by the other person. *See* West Virginia Code §§ 53-8-7(a)(2)(A)(i) and (ii). One of the acts West Virginia Code § 53-8-4(a) designates as a basis for the issuance of a PSO is causing significant emotional distress to another person by "stalking" that person as defined in West Virginia Code § 61-2-9a(a). West Virginia Code § 61-2-9a(a) provides that stalking occurs when one person "repeatedly" follows another person. Pursuant to West Virginia Code § 61-2-9a(f)(5), "repeatedly" is defined as "two or more occasions."

---

[4] West Virginia Code § 53-8-9(b) provides that appeals from a magistrate court's order granting a PSO are heard de novo by the circuit court.

[5] Two years is the maximum period for which a PSO may be granted pursuant to West Virginia Code § 53-8-7(f).

[6] The circuit court's order does not explicitly reflect whether the court placed the parties under oath, but clearly indicates that the court considered their statements as testimony.

2

On appeal, petitioner alleges that the circuit court never provided her an opportunity to see or hear the evidence that respondent introduced to support her petition for a PSO. However, the record on appeal clearly contradicts petitioner's allegation. The circuit court's November 20, 2014, order clearly reflects that both parties appeared for the trial de novo, during which "evidence [was] introduced" into the record.[7] Specifically, respondent provided exhibits detailing petitioner's threatening messages, and testified that it was the October of 2014 confrontation that led respondent to filing for a PSO. Respondent further testified that petitioner had appeared at respondent's home uninvited and introduced evidence of the December of 2013 incident.[8] However, petitioner disputed respondent's claims and testified that respondent was responsible for their conflict because respondent remained "in contact with [petitioner's significant other] and his mother and sister." It appears, therefore, that the circuit court judged the credibility of each party and ruled accordingly. We note that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Respondent argues that the circuit court properly granted her a PSO based upon the preponderance of the evidence. We agree and conclude that the circuit court did not abuse its discretion in issuing a PSO against petitioner.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Mercer County and affirm its November 20, 2014, order granting respondent a PSO against petitioner for a period of two years.

Affirmed.

---

[7] Petitioner complains that respondent introduced exhibits that respondent did not use in the magistrate court. We find no merit to this argument. Once petitioner appealed the PSO entered by the magistrate court, and was entitled to a trial *de novo* in the circuit court, "the case could only be tried . . . upon its merits in the circuit court, and judgment rendered upon the evidence adduced [in that court]." *Pickenpaugh v. Keenan*, 63 W.Va. 304, 305, 60 S.E. 137, 138 (1908); *accord Laber v. Harvey*, 438 F.3d 404, 420-21 (4th Cir. 2006). We also note that petitioner's complaint that respondent utilized different exhibits in the circuit court contradicts the allegation that she never received an opportunity to know what exhibits respondent used to support her petition for a PSO.

[8] Exhibit No. 2—petitioner's plea in the battery case—established that petitioner pled guilty to punching respondent in the face.

**ISSUED:** September 11, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II