# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 29, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Frank Larson,**
**Plaintiff Below, Petitioner**

**vs)**     **No. 15-0256** (Wirt County 13-C-AP-1)

**Jeff Butler,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank Larson, pro se, appeals the order of the Circuit Court of Wirt County, entered March 3, 2015, entering a judgment in favor of Respondent Jeff Butler in an action in which petitioner alleged that respondent failed to repair petitioner's house pursuant to their contract. Respondent, by counsel Leslie L. Maze, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns a residence in Creston, West Virginia. On March 10, 2012, petitioner entered into a contract with respondent, a contractor, to perform "foundation repair" to his house. The contract provided that petitioner would pay respondent $4,000 in exchange for repairs listed in respondent's "estimate dated March 6, 2012." According to the estimate, respondent proposed that he would (1) repair the center support beam with new pressure-treated wood; (2) add four new support tiers with eight-inch concrete blocks eight feet apart (approximately); (3) replace wood supports with concrete block tiers; (4) place the tiers on either four-inch thick pre-formed pad or six-inch poured concrete pad (depending on space); (5) relevel the center support beam; (6) relevel and re-support the porch; and (7) replace the outside band board on the side porch. Petitioner interpreted the parties' agreement as requiring respondent to relevel petitioner's entire house. Respondent interpreted the agreement as requiring him only to make the specific repairs listed on the estimate.

1

Petitioner sued respondent seeking the return of the $4,000 he paid for the repairs and consequential damages.[1] Following a June 11, 2013, bench trial,[2] the circuit court entered judgment in respondent's favor. The circuit court noted that while neither petitioner nor respondent testified, the court took testimony from six persons with knowledge of the facts.[3] One of those persons was Michael E. Johnson, a structural engineer, who advised petitioner when petitioner was accepting bids and then inspected petitioner's house after respondent performed his repairs. With regard to Mr. Johnson's testimony, the circuit court found that it was significant that Mr. Johnson "did not specifically criticize the work done by [respondent]." The court found that while Mr. Johnson raised questions about the quality and extent of respondent's repairs, "Mr. Johnson did not testify that [respondent] was negligent or performed his work in an unworkmanlike manner" and that "Mr. Johnson, after looking at [respondent's] bid, could not testify that [respondent] did not perform the terms of his contract." Accordingly, the circuit court concluded, as follows:

> [Petitioner] has clearly failed to meet his burden of proof by a preponderance of the evidence. [Respondent] completed his contract. It is again noted [that] the contract was limited in scope and was never contemplated to completely solve the foundation problems related to [petitioner's] residence. [Petitioner] well knew that [respondent's] work would not result in curing the out of level condition of his premises. Obviously, full correction of the problem would have required more extensive and expensive work which [petitioner] was unwilling or unable to expend at that particular time. [Respondent's] work did have some benefit to [petitioner] in that the main center support beam for his residence was repaired, reinforced, and [releveled].

Petitioner appeals the circuit court's March 3, 2015, judgment order. We apply the standard for reviewing a judgment entered following a bench trial:

---

[1] Petitioner originated his suit in the magistrate court, which entered judgment in respondent's favor following a bench trial. Once petitioner appealed the magistrate court's judgment order, he was entitled to a trial de novo in the circuit court. *See* W.Va. Code § 50-5-12(b); W.V.R.C.P. Mag. Cts. 18(d). Accordingly, "the case could only be tried . . . upon its merits in the circuit court, and judgment rendered upon the evidence adduced [in that court]." *Pickenpaugh v. Keenan*, 63 W.Va. 304, 305, 60 S.E. 137, 138 (1908); *accord Laber v. Harvey*, 438 F.3d 404, 420-21 (4th Cir. 2006). Therefore, we reject petitioner's contention that the notes the magistrate court took of the testimony adduced in that court would be relevant evidence in the trial de novo.

[2] Both parties appeared for the June 11, 2013, trial pro se.

[3] All six witnesses testified during petitioner's case-in-chief. Respondent cross-examined the witnesses and did not put on his own case.

2

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 331, 480 S.E.2d 538, 540 (1996).

On appeal, petitioner contends that Mr. Johnson and various other witnesses provided false testimony. Respondent counters that the testimony clearly showed that he performed the repairs required by the parties' agreement. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Rule 52 of the West Virginia Rules of Civil Procedure further provides, in pertinent part, that when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, *and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses*." W.V.R.C.P. 52(a) (emphasis added). Petitioner may disagree with various witnesses' testimony, but that does not mean that those witnesses perjured themselves.[4] The circuit court heard the testimony and was able to observe each witness's demeanor. Nothing in the record on appeal[5] indicates that the circuit court's findings were clearly erroneous. Therefore, we conclude that the circuit court did not abuse its discretion in entering judgment in respondent's favor.

For the foregoing reasons, we affirm.

Affirmed.

---

[4] Petitioner states that he is willing to take a polygraph test and argues that various witnesses who testified at trial should have taken such tests. Respondent counters that results of polygraph tests are not admissible. *See* Syl. Pt. 2, *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39, 40 (1979) (criminal matters); *Heydinger v. Adkins*, 178 W.Va. 463, 468 n. 10, 360 S.E.2d 240, 245 n. 10 (1987) (civil matters). We agree with respondent and find that petitioner's argument is frivolous.

[5] The record includes the transcript of the June 11, 2013, bench trial, which we have reviewed.

**ISSUED**: January 29, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II