## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Frank Larson,**
**Defendant Below, Petitioner**

**vs) No. 15-0305** (Wirt County 13-C-AP-2)

**Snedeker Enterprises, LLC,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank Larson, pro se, appeals the order of the Circuit Court of Wirt County, entered March 27, 2015, entering judgment in favor of Respondent Snedeker Enterprises, LLC in the amount of $4,000, plus $95 in court costs and interest at 7% per annum. Respondent did not file a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns property at 9713 Little Kanawha Parkway in Creston, West Virginia. Respondent does business as Dave's Excavating. On September 29, 2012, the parties entered into a

---

[1]On December 23, 2015, this Court entered an order noting that respondent failed to file a response that complied with *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 724 S.E.2d 733 (2012), and directed respondent to do so. Despite this Court's order, respondent did not file any response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, the Court declines to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 424, 408 S.E.2d 1, 3 (1991).

1

contract in which respondent agreed to repair a slippage that occurred on petitioner's hillside in return for $4,000.[2] The contract provided that respondent's owner would (1) remove brush from the site of the slippage in order to determine the extent of the necessary repairs; (2) remove dirt from and below the slippage, and set it aside; (3) use a bulldozer to repair the slippage by putting the dirt back in and packing it down; and (4) install a "bench" below the slippage area to catch water and divert it away from petitioner's residence. Respondent performed the work on September 29 and 30, 2012.

When petitioner failed to pay respondent the $4,000 required by the contract for the work performed, respondent sued petitioner in the Magistrate Court of Wirt County, which found in respondent's favor following a bench trial. Petitioner appealed to the Circuit Court of Wirt County which held a trial de novo on September 15, 2013. The parties' contract was admitted into evidence, and testimony was provided by petitioner and by respondent's owner. Several other witnesses also testified. By an order entered March 27, 2015, the circuit court found in respondent's favor. The circuit court noted that petitioner's main complaint was that the contract required work on a pond on his property that respondent failed to perform. The circuit court found that respondent denied that the contract required it to do work on the pond and that "[t]he evidence regarding the pond is very confusing and in great conflict." The circuit court noted that petitioner also complained that respondent did not repair the slippage correctly, did not fix an overflow pipe, did not seed and mulch, and did damage petitioner's septic system. The circuit court found that respondent's owner testified that he repaired the slippage and "did the job" specified in the parties' contract. The circuit court noted that petitioner expected to finance the work through the United States Department of Agriculture ("USDA"). However, because petitioner wanted the work to be performed quickly, the circuit court found that the required paperwork and inspections were not done and that, "[a]s a result, the USDA did not finance the project and [respondent] was never paid." The circuit court concluded (1) that the parties had a "valid contract" for respondent to repair the slippage on petitioner's hillside in exchange for $4,000; (2) respondent completed the contract and petitioner refused to pay; and (3) work on petitioner's pond and other alleged work "were not included in the terms of the contract[.]" Accordingly, the circuit court entered judgment in respondent's favor in the amount of $4,000, plus $95 in court costs and interest at 7% per annum.

Petitioner appeals the circuit court's March 27, 2015, judgment order. We apply the following standard for reviewing a judgment entered after a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[2]The contract bears a date of September 27, 2012. However, it appears that the parties did not sign the agreement until the day the work commenced, September 29, 2012.

Syl. Pt. 1, *Pub, Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 331, 480 S.E.2d 538, 540 (1996).

On appeal, petitioner first contends that the circuit court should have allowed him to subpoena the magistrate who heard the parties' case and/or required the magistrate to produce her notes of the testimony adduced in that court. We find that the magistrate's recollections of the testimony heard in her court were not relevant because, once petitioner appealed to the circuit court, "the case could only be tried . . . upon its merits in the circuit court, and judgment rendered upon the evidence adduced [in that court]." *Pickenpaugh v. Keenan*, 63 W.Va. 304, 305, 60 S.E. 137, 138 (1908); *accord Laber v. Harvey*, 438 F.3d 404, 420-21 (4th Cir. 2006). Thus, we conclude this issue lacks merit.

Second, petitioner contends that respondent's owner and other witnesses provided false testimony. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Rule 52 of the West Virginia Rules of Civil Procedure further provides, in pertinent part, that when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." W.V.R.C.P. 52(a). Petitioner may disagree with the testimony of the other witnesses, but that does not mean that those witnesses perjured themselves.[3] The circuit court heard the testimony and was able to observe each witness's demeanor. Nothing in the record on appeal indicates that the circuit court's findings were clearly erroneous. Therefore, we conclude that the circuit court did not abuse its discretion in entering judgment in respondent's favor.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: **April 15, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[3]Petitioner states that he is willing to take a polygraph test and argues that other witnesses who testified at trial should have taken such tests. We reject this argument. *See* Syl. Pt. 2, *State v. Frazier*, 162 W.Va. 602, 252 S.E.2d 39, 40 (1979) (results of polygraph tests are inadmissible); *Heydinger v. Adkins*, 178 W.Va. 463, 468 n. 10, 360 S.E.2d 240, 245 n. 10 (1987) (same).