# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen Upton,**
**Petitioner Below, Petitioner**

**vs)  No. 16-0204** (Braxton County 15-M-AP-1)

**Municipality of the Town of Flatwoods,**
**Respondent Below, Respondent**

**FILED**

**January 6, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen Upton, pro se, appeals the February 9, 2016, order of the Circuit Court of Braxton County remanding petitioner's case to the Municipal Court of the Town of Flatwoods which subsequently reinstated his misdemeanor conviction for operating a motor vehicle without a motor vehicle inspection sticker. Respondent Municipality of the Town of Flatwoods, by counsel Jasmine R.H. Morton, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded to the circuit court with directions to evaluate the record, determine whether petitioner was guilty of operating a motor vehicle without a motor vehicle inspection sticker, and enter judgment accordingly.

On March 3, 2015, petitioner was cited for operating a motor vehicle without a motor vehicle inspection sticker pursuant to West Virginia Code § 17C-16-9 and Flatwoods Municipal Code § 345.32. Petitioner pled not guilty to the charge, and the Municipal Court of the Town of Flatwoods scheduled a bench trial on the matter for May 9, 2015. On April 22, 2015, the municipal court received petitioner's response to the trial notice. In his response, petitioner stated that he could not appear for the May 9, 2015, bench trial and that he was not guilty of the charge because he had taken advantage of West Virginia Code § 17C-16-9's safe harbor provision.[1]  Accordingly,

---

[1]West Virginia Code § 17C-16-9 provides, as follows:

(continued . . .)

1

by order entered June 3, 2015, the municipal court granted a continuance and rescheduled petitioner's bench trial for July 11, 2015.

Petitioner failed to appear for the July 11, 2015, bench trial because of work commitments. However, on September 13, 2015, petitioner filed a motion to dismiss the charge against him. The municipal court denied petitioner's motion to dismiss and found him guilty of operating a motor vehicle without a motor vehicle inspection sticker. In its November 18, 2015, judgment order, the municipal court fined petitioner $50 plus court costs in the amount of $105.

Petitioner appealed the municipal court's November 18, 2015, judgment order to the Circuit Court of Braxton County, which scheduled a trial de novo for February 2, 2016.[2] Petitioner failed to appear for trial. By order entered February 9, 2016, the circuit court found that petitioner had notice of the February 2, 2016, trial because petitioner filed a pleading with the court noting that he received notice of the trial. The circuit court found that petitioner was "the party challenging" the municipal court's November 18, 2015, judgment order, but "failed to appear" for the trial de novo. Accordingly, the circuit court remanded petitioner's case to the municipal court. The municipal court subsequently reinstated its November 18, 2015, judgment order that found petitioner guilty of operating a motor vehicle without a motor vehicle inspection sticker and fined him $50 plus court costs in the amount of $105.

Petitioner now appeals the circuit court's February 9, 2016, order remanding the case to the municipal court. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). Based on our review of the record herein, we find that the circuit court's remand of the case to the municipal court was erroneous.

Before addressing that issue, we address two other issues, the resolution of which will aid in the disposition of this appeal. First, petitioner contends that he "appeared" for the February 2,

---

. . . Provided, That any person who obtains an inspection and a current and valid certificate of inspection and who, within five days of the issuance of a citation for a violation of the provisions of this section, provides a receipt of inspection to and makes the vehicle so operated available for examination by a court of competent jurisdiction, shall not be guilty of a violation of the provisions of this section: Provided, however, That the misdemeanor penalty shall be imposed if the certificate of inspection has not been valid for a period exceeding three months prior to the date of the issuance of a citation.

[2]Black's Law Dictionary defines a "trial de novo" as "[a] new trial on the entire case—that is, on both questions of fact and issues of law—conducted as if there had been no trial in the first instance." BLACK'S LAW DICTIONARY 1737 (10th ed. 2014).

2016, trial because Rule 7(e) of the West Virginia Rules of Criminal Procedure for Magistrate Courts permitted him to appear through "[a] written answer." Respondent counters that, while the Rules of Criminal Procedure for Magistrate Courts generally apply to this case pursuant to West Virginia Code § 8-10-2(d), they do not allow for appearances through written pleadings. We agree with respondent and find that, contrary to petitioner's contention, Rule 7(e) does not permit him to appear at trial by written answer. Therefore, we conclude that the circuit court did not err in finding that petitioner failed to appear for the February 2, 2016, trial.

Second, petitioner contends that he was entitled to a jury trial in the municipal court because he requested a trial by jury.[3] This is significant because, if petitioner had a jury trial in the municipal court, his appeal to the circuit court would have been based on a review of the record rather than a trial de novo. *See* W.Va. Code § 8-34-1(e).[4] In the syllabus of *Champ v. McGhee*, 165 W.Va. 567, 270 S.E.2d 445 (1980), we held that "[u]nder art. 3, § 14 of the West Virginia Constitution, the right to a jury trial is accorded in both felonies and misdemeanors when the penalty imposed involves any period of incarceration." Pursuant to West Virginia Code § 17C-16-9, the maximum punishment for operating a motor vehicle without a motor vehicle inspection sticker is no more than a fine of $100. Thus, a jury trial was not constitutionally required in this case. Respondent further argues that, while the municipal court has discretion to hold a jury trial in other criminal cases (if requested by the defendant) pursuant to West Virginia Code § 8-10-2(d), the municipal court had no opportunity to exercise that discretion because petitioner failed to appear for his trial. Based on our review of the record and the relevant law, we conclude that because (a) petitioner did not face any possibility of incarceration and (b) petitioner failed to appear for his trial, West Virginia Code § 8-10-2(d) did not require that he be afforded a jury trial either as a matter of right or as a matter of discretion on the part of the municipal court.[5]

---

[3]Respondent does not dispute that petitioner requested a jury trial in the municipal court despite the fact that the written record is unclear on the matter. While respondent asserts that petitioner's request was untimely under Rule 5(d) of the Rules of Criminal Procedure for Magistrate Courts, we do not address that argument because, as discussed in more detail below, we find that, assuming, *arguendo*, that such a request was timely made, petitioner was not entitled to a jury trial under the facts and circumstances of this case.

[4]In an appeal on the record, West Virginia Code § 8-34-1(f)(4) provides that the circuit court has the authority to dismiss the appeal and/or remand the case to the municipal court. *See* W.Va. Code §§ 8-34-1(f)(4)(A) and (C).

[5]West Virginia Code § 8-10-2(d) provides, as follows:

> *Only a defendant who has been charged with an offense for which a period of confinement in jail may be imposed is entitled to a trial by jury. If a municipal court judge determines, upon demand of a defendant, to conduct a trial by jury in a criminal matter,* it shall follow the procedures set forth in the rules of criminal procedure for magistrate courts promulgated by the Supreme Court of Appeals,

(continued . . .)

We now turn to petitioner's argument that the circuit court erred in remanding the case to the municipal court following his failure to appear at the February 2, 2016, trial de novo. Respondent counters that, because petitioner failed to appear at the trial, the circuit court did not err in remanding the case to the municipal court to permit that court to reinstate its November 18, 2015, judgment order. However, respondent's argument is contrary to our precedent regarding the nature of appeals in which the appellant is entitled to a trial de novo.

"An appeal from [an inferior court's] judgment vacates *and annuls the judgment.*" Syl. Pt. 2, *Elkins v. Michael*, 65 W.Va. 503, 64 S.E. 619 (1909) (emphasis added); *Smith v. City of Morgantown*, No. 12-1513, 2013 WL 5525744, at *1 and n.1 (W.Va. October 4, 2013) (memorandum decision) (citing *Elkins* and stating that municipal court's judgment was annulled because petitioner received trial in circuit court). The municipal court's judgment order was rendered a nullity because, once petitioner appealed that order, and was entitled to a trial de novo in the circuit court, "the case could only be tried . . . upon its merits in the circuit court, and judgment rendered upon the evidence adduced [in that court]." *Pickenpaugh v. Keenan*, 63 W.Va. 304, 305, 60 S.E. 137, 138 (1908); *accord Laber v. Harvey*, 438 F.3d 404, 420-1 (4th Cir. 2006).

Given that petitioner failed to appear for the February 2, 2016, trial despite receiving adequate notice, it was permissible for the circuit court to find that, based on the record, petitioner was guilty of operating a motor vehicle without a motor vehicle inspection sticker. However, our holdings in *Elkins* and *Pickenpaugh* precluded the circuit court from remanding the case to the municipal court for reinstatement of that court's judgment order because petitioner was entitled to a judgment by the circuit court "rendered upon the evidence adduced [in that court]." *Pickenpaugh*, 63 W.Va. at 305, 60 S.E. at 138. Therefore, we conclude that the circuit court's February 9, 2016, order remanding the case to the municipal court must be reversed and the case remanded to the circuit court.

Petitioner contends that he had good cause to fail to appear for the February 2, 2016, trial because of his work commitments. However, we find that simply choosing to honor another obligation over appearing in court does not constitute good cause for a failure to appear. Given the lack of good cause for petitioner's non-appearance, the circuit court is not required to schedule another trial de novo. Therefore, upon remand from this Court, we direct the circuit court to evaluate the record, determine whether petitioner was guilty of operating a motor vehicle without a motor vehicle inspection sticker, and enter judgment accordingly.

For the foregoing reasons, we reverse the circuit court's February 9, 2016, order and remand this case to the circuit court with directions to evaluate the record, determine whether petitioner was guilty of operating a motor vehicle without a motor vehicle inspection sticker, and enter judgment accordingly.

---

except that the jury in municipal court shall consist of twelve members.

(emphasis added).

4

Reversed and Remanded with Directions.

**ISSUED**: January 6, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5