# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Fernando M. Smith,**
**Defendant Below, Petitioner**

vs)   No. 17-0706 (Mineral County 17-C-AP-3)

**Thomas Reel,**
**Plaintiff Below, Respondent**

**FILED**

**May 31, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Fernando M Smith, pro se, appeals the August 10, 2017, order of the Circuit Court of Mineral County directing petitioner to vacate the property at 10 High Knob Lane, Keyser, West Virginia, by 6:00 p.m. on August 14, 2017. Respondent Thomas Reel, by counsel Trena Williams, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 7, 2017, respondent initiated an action in the Magistrate Court of Mineral County to evict petitioner from the property located at 10 High Knob Lane, Keyser, West Virginia, asserting that petitioner and his family "were to be gone [by a] July 15, 2017, deadline." Following the magistrate court's judgment in respondent's favor, petitioner appealed to the Circuit Court of Mineral County which held a bench trial, de novo, on August 10, 2017. Petitioner and his wife arrived after the circuit court had already begun hearing respondent's testimony. The trial transcript clearly reflects that, despite petitioner's and his wife's late appearances, the circuit court provided them an opportunity to present their case that (1) respondent failed to give petitioner and his wife written notice to vacate the property; (2) petitioner and his wife made timely rental payments; and (3) the existence of black mold inside the residence violated the implied warranty of habitability. For his part, respondent testified that he provided petitioner and petitioner's wife adequate written notice to vacate the property, that petitioner and his wife failed to make timely rental payments, and that petitioner and his wife first raised the issue of black mold in their answer to this action in the magistrate court.

1

While the parties referred to various documents in support of their respective cases and certain documents appear in the record on appeal, no documents were admitted into evidence, likely because both parties appeared pro se at the August 10, 2017, bench trial.[1] Accordingly, the circuit court's August 10, 2017, order reflects that it relied on the parties' oral testimony in its judgment. The circuit court found that respondent gave petitioner sufficient notice to terminate the parties' month-to-month oral lease agreement and that petitioner "never advised [respondent] of supposed black mold on the premises."[2] Therefore, the circuit court ordered petitioner and his family to vacate the property at 10 High Knob Lane by 6:00 p.m. on August 14, 2017.

On August 14, 2017, petitioner filed both an appeal of the circuit court's August 10, 2017, order and a motion for an emergency stay of eviction. By order entered August 14, 2017, this Court denied petitioner's motion. Consequently, petitioner and his family no longer reside at the property at 10 High Knob Lane. West Virginia Code § 55-3A-3(g) generally limits relief to monetary damages if "the tenant prevails upon appeal[.]" As explained *infra*, we find that petitioner is not entitled to any relief as the circuit court properly ordered him to vacate the property.

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner raises six assignments of error in arguing that both the magistrate court and the circuit court erred in ordering him to vacate the property. Respondent counters that, in petitioner's argument, he "lump[s]" his assignments together without clear delineation and leaves certain assignments of error "not addressed." Regarding petitioner's assignments alleging error in the magistrate court proceedings, in syllabus point two of *Elkins v. Michael*, 65 W.Va. 503, 64 S.E. 619 (1909), we held that "[a]n appeal from a [magistrate court's] judgment vacates and annuls the judgment." Accordingly, once petitioner appealed the magistrate court's judgment and was entitled to a trial de novo in the circuit court, "the case could only be tried . . . upon its

---

[1]At the end of trial, petitioner wanted to ensure that the circuit court received the photos of alleged black mold inside the residence. The circuit court responded that it had the photos and that they would "stay in the file." We note that these photos are included in the record on appeal.

[2]Respondent testified that petitioner's allegation of black mold was a fabrication and that, when he went over to the property to change a flue pipe, petitioner never mentioned any such problem to him.

merits in the circuit court, and judgment rendered upon the evidence adduced [in that court]." *Pickenpaugh v. Keenan*, 63 W.Va. 304, 305, 60 S.E. 137, 138 (1908); *accord Laber v. Harvey*, 438 F.3d 404, 420-21 (4th Cir. 2006). Therefore, we address only those assignments alleging error in the circuit court proceedings as the magistrate court proceedings were no longer relevant upon the holding of the trial de novo. Petitioner argues that the circuit court favored respondent's case and failed to provide him an adequate opportunity to be heard. Petitioner further argues that the circuit court should have ruled in petitioner's favor given his and his wife's testimony that (1) respondent failed to give petitioner and his wife written notice to vacate the property; (2) petitioner and his wife made timely rental payments; and (3) the existence of black mold inside the residence violated the implied warranty of habitability.[3] We address these issues in turn.

Petitioner notes that he arrived late to the August 10, 2017, trial and that the circuit court thereafter threatened to hold him in contempt of court. "The fundamental requisite of due process of law is the opportunity to be heard." *State ex rel. Peck v. Goshorn*, 162 W.Va. 420, 422, 249 S.E.2d 765, 766 (1978) (internal quotations and citations omitted); *see* Syl. Pt. 2, *Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937) (holding that "the right to be heard" constitutes part of the due process of law guaranteed by the United States and West Virginia Constitutions). Given that the trial transcript clearly reflects that the circuit court allowed both petitioner and his wife to provide testimony in support of his case once they arrived, we find that the circuit court provided petitioner an adequate opportunity to be heard. The trial transcript further reflects that the circuit court threatened to hold petitioner in contempt only after he engaged in "unintelligible yelling and gesturing." Therefore, based on the record, we reject any suggestion by petitioner that the circuit court was predisposed toward respondent.

Petitioner further argues that the circuit court erred in finding that respondent provided the more credible testimony. Respondent testified that he gave petitioner sufficient notice to terminate the parties' month-to-month oral lease agreement,[4] that petitioner failed to make timely rental payments, and that petitioner first raised the issue of black mold in his answer to this action in the magistrate court. Based on our review of the trial transcript, we find that the conflicting testimony was such that the circuit court could choose to believe respondent rather than petitioner and his wife. Credibility determinations are for the trier of fact to make. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule

---

[3]Petitioner also refers to a purported settlement agreement reached between his wife and respondent. However, as explained *supra*, no documents were admitted into evidence at the August 10, 2017, bench trial; therefore, we find that the circuit court did not abuse its discretion by relying on the parties' oral testimony to render its judgment. *See* Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995) (holding that "[t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings").

[4]In *Stewart v. Johnson*, 209 W.Va. 476, 481, 549 S.E.2d 670, 675 (2001), we found that "[w]here . . . there exists a month-to-month tenancy, [West Virginia] Code § 37-6-5 . . . requires a landlord provide notice equal to a full period of the tenancy." (Footnote omitted.).

52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Accordingly, after reviewing the record, we conclude that the circuit court did not abuse its discretion in rendering judgment in respondent's favor.

For the foregoing reasons, we affirm the circuit court's August 10, 2017, order directing petitioner to vacate the property at 10 High Knob Lane.

Affirmed.

.

**ISSUED:** May 31, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4